UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARYAN JERON MOORE,

    Plaintiff,

   v.          Case No. 25-CV-1935

HART,
MILWAUKEE COUNTY, and
MILWAUKEE COUNTY JAIL,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Laryan Jeron Moore, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.15. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

At all times relevant to the complaint, Plaintiff was an inmate at Dodge Correctional Institution but was transferred to the Milwaukee County Jail for a state court hearing on March 3, 2025. On March 25, 2025, at approximately 2:15 p.m., an inmate set a tablet on fire, causing the dayroom and cells to be filled with smoke. When smoke started to enter Plaintiff's cell, he pressed the emergency call button because he has asthma and wanted to alert the guards to the smoke. About 15 to 20 minutes later, Corrections Officer (CO) Hart responded to the smoke that filled the dayroom. Compl. at 2, Dkt. No. 1. The inmates were let out of their cells and escorted to the gym. By this time, Plaintiff was wheezing and feeling lightheaded. In the gym, Plaintiff sought medical attention for his lightheadedness and received his inhaler. *Id.* at 3.

Plaintiff noticed that the Milwaukee County Jail did not have an evacuation plan or procedure. He notes that Wis. Admin. Code § DOC 350.19, entitled "fire safety," states that jails shall have properly maintained fire alarms, smoke detectors, thermal detectors, and a written evacuation plan. He states that jails should practice fire safety evacuation procedures every 12 months and undergo monthly inspections to ensure compliance with safety and fire prevention standards. Plaintiff asserts that fire alarms never went off during the March 25, 2025, incident and

3

that the Milwaukee County Jail did not follow proper procedure, which is a violation of Wis. Admin. Code § DOC 350.19. *Id.*

ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that his constitutional rights were violated when he was exposed to smoke during the fire.

"'Cruel and unusual punishment' of individuals convicted of crimes is prohibited by the Eighth Amendment." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). "The deliberate indifference standard includes 'both an objective and subjective component.'" *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018)). An inmate challenging the conditions of his confinement must allege that "the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety" and that "officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate." *Id.* (cleaned up). A plaintiff must allege that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). Plaintiff alleges that, fifteen to twenty minutes after he pushed his emergency call button, CO Hart responded to the smoke that filled the

4

dayroom, the inmates were escorted to the gym, and Plaintiff received his inhaler.  In other words, CO Hart reacted to the smoke that filled the jail by escorting Plaintiff and the other inmates to the gym.  The complaint contains no allegations from which the Court can infer that CO Hart was deliberately indifferent in violation of the Eighth Amendment.

Plaintiff may not proceed against the Milwaukee County Jail or Milwaukee County.  As an initial matter, section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights.  The Milwaukee County Jail is not a "person" and is thus not subject to suit under § 1983.  *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

As for Milwaukee County, in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court recognized that municipalities could be sued directly under 42 U.S.C. § 1983 when a municipal employee violates an individual's rights pursuant to municipal policy, custom, or practice.  *Id.* at 690–91.  Plaintiff alleges that the County did not ensure that the jail complied with Wis. Admin. Code § DOC 350.19, but the Eighth Amendment does not require compliance with specific administrative requirements.  *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (noting that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . regulations").  Plaintiff's allegations do not give rise to a *Monell* claim against the County.

The complaint must be dismissed based on Plaintiff's failure to state a claim upon which relief can be granted.  If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **May 13, 2026**, that cures the deficiencies identified in this decision.  Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation.  This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist

5

him in relation to those events.  Plaintiff should set forth his allegations in short and plain statements.  Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A.  If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **May 13, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $343.85 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If

6

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 13th day of April, 2026.

> *s/ Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge