LARYAN JERON MOORE,

        Plaintiff,

        v.                             Case No. 25-CV-1935

HART and
MILWAUKEE COUNTY,

        Defendants.

## SCREENING ORDER

Plaintiff Laryan Jeron Moore, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On April 13, 2026, the Court screened the complaint and, after concluding it failed to state a claim upon which relief could be granted, gave Plaintiff the opportunity to file an amended complaint. Plaintiff filed an amended complaint on May 15, 2026. The Court will screen the amended complaint as required by 28 U.S.C. § 1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

At all times relevant to the amended complaint, Plaintiff was housed in Pod 5A at the Milwaukee County Jail. On March 25, 2025, at approximately 2:15, an inmate set a tablet on fire in Cell 41 or 42 of Pod 5A and yelled "fire!" Correctional Officer (CO) Hart "ignored it." After

2

Plaintiff and several other inmates informed CO Hart of the fire, CO Hart shrugged and left Pod 5A. Once smoke filled the dayroom and came into Plaintiff's cell (Cell 13), Plaintiff pressed the emergency button because he has asthma. Fifteen to twenty minutes later, CO Hart responded to the call, and the inmates were let out of their cells and into the gym. Am. Compl. at 2–3, Dkt. No. 20.

Plaintiff asserts that the Milwaukee County Jail did not properly maintain its fire alarms, smoke alarms, and thermal detectors and that, had the fire alarms gone off, CO Hart would have easily known about the fire. Plaintiff seeks monetary damages and requests that the Milwaukee County Jail implement the policies required by DOC 350.19. *Id.* at 3–4.

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that his constitutional rights were violated when CO Hart ignored the inmates' pleas for assistance during a fire at the Milwaukee County Jail.

"'Cruel and unusual punishment' of individuals convicted of crimes is prohibited by the Eighth Amendment." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). "The deliberate indifference standard includes 'both an objective and subjective component.'" *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018)). An inmate challenging the conditions of his confinement must allege that "the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's

3

health and safety" and that "officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate." *Id.* (cleaned up). A plaintiff must allege that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

Plaintiff asserts that CO Hart initially ignored the inmates' statements about a fire in a cell, but once smoke filled the dayroom and entered Plaintiff's cell, CO Hart responded within fifteen to twenty minutes of Plaintiff's emergency call. CO Hart reacted to the smoke by escorting Plaintiff and the other inmates from their cells into the gym. Although Plaintiff complains about the delay in his removal from his cell, the circumstances Plaintiff describes might suggest negligence but not deliberate indifference.

In any event, it is not enough to allege a violation of one's constitutional rights; a plaintiff must also allege that the violation caused the plaintiff injury or damages. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (citation omitted). Although Plaintiff asserts that he has asthma, Plaintiff does not allege that he suffered a cognizable injury as a result of not being immediately removed from his cell. Because Plaintiff does not allege facts from which the Court can reasonably infer that CO Hart was deliberately indifferent toward Plaintiff and caused an actual injury, Plaintiff fails to state an Eighth Amendment claim against CO Hart.

Plaintiff also seeks to pursue a claim against Milwaukee County under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Yet, a municipality cannot be liable under *Monell* "when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield, Illinois*, 630 F.3d 499, 504 (7th Cir. 2010). Because

4

CO Hart did not violate Plaintiff's constitutional rights, Plaintiff cannot proceed on a *Monell* claim against Milwaukee County.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin on May 21, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.